UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHLEEN METEER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:10-cv-00922 ) ) JURY TRIAL DEMANDED |
| ELI LILLY AND COMPANY, | ) ) |
| AMYLIN PHARMACEUTICALS, INC., and | ) ) ) |
| AMYLIN-LILLY PARTNERSHIP, | ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Amylin Pharmaceuticals, Inc. ("Amylin"), by and through its attorneys and with full reservation of all defenses, hereby removes this action from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Amylin states as follows:

1. On or about August 10, 2010, Plaintiff filed a Petition in the Circuit Court of Jackson County, Missouri in the civil action styled *Meteer v. Eli Lilly & Co. et al.*, Case No. 1016-CV25166.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served on Amylin is attached hereto as Exhibit A, which is incorporated herein by reference.

1

3. This Court has diversity jurisdiction over this civil action. As fully set forth below, complete diversity exists between Plaintiff and Defendants.

4. As described below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5. This Notice of Removal is timely filed. Amylin was served on August 26, 2010. This Notice of Removal is filed within thirty (30) days after receipt by Amylin of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based" pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period under the removal statute begins to run from the date of formal service); *Marano Enter. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001) (holding that later-served defendants have thirty days from the date of service on them to file a notice of removal, even where a co-defendant is served earlier).

6. The United States District Court for the Western District of Missouri embraces Jackson County, where the state court action was initially filed, and thus this action is properly removed to this Court. *See* 28 U.S.C. §§ 105(b); 1441(a).

7. As reflected in Exhibit B, Defendant Eli Lilly consents to removal. Plaintiff names "Amylin-Lilly Partnership" as a defendant, but no such legal or juridical entity exists. Accordingly, because Amylin-Lilly Partnership is a fictitious defendant, its consent is not required. If the consent of any partnership were necessary, however, both Eli Lilly and Amylin consent to removal of this case to federal court.

2

8. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff and filed with the Clerk of the Circuit Court of Jackson County, Missouri.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9. This suit is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between Plaintiff and Defendants in the underlying cause of action.

10. Based on information contained in the Petition, Plaintiff Kathleen Meteer is a citizen and resident of Jackson County, Missouri. Pet. ¶ 1.

11. Defendant Amylin is a Delaware corporation with its principal place of business in San Diego, California. For purposes of determining diversity of citizenship, Amylin is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

12. Defendant Eli Lilly and Company ("Eli Lilly") is an Indiana corporation with its principal place of business in Indiana. For purposes of determining diversity of citizenship, Eli Lilly is a citizen of Indiana.

13. Plaintiff names "Amylin-Lilly Partnership" as a defendant, but no such legal or juridical entity exists. Accordingly, because Amylin-Lilly Partnership is a fictitious defendant, it is disregarded for diversity of citizenship purposes. 28 U.S.C. § 1441(a); *Scioscia v. Target Corp.*, No. 08-2593 (AET), 2008 WL 2775710, at *1 (D.N.J. July 14, 2008) (disregarding citizenship of improperly named corporate defendant as fictitious). Moreover, even if an argument could be made that Amylin-Lilly Partnership existed, it would be a citizen of Indiana,

3

Delaware, and California because these are the states where Eli Lilly and Amylin are citizens for diversity purposes. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (holding that the citizenship of an artificial entity is determined by the citizenship of each of the entity's members); *Alumax Mill Prods. v. Congress Fin. Corp.*, 912 F.2d 996, 1003 (8th Cir. 1990) (noting that the citizenship of each member of a partnership is considered in determining whether diversity jurisdiction exists).

14. Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. From the face of the Petition, it is apparent that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests.

16. Diversity jurisdiction will be declined "if it appears to a legal certainty that the value of the claim is actually less than the required amount." *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 380, 384 (8th Cir. 2003) (internal citations omitted). When the petition does not claim a specific amount of damages, the court may make an independent appraisal of the claim. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001).

17. In the Petition, Plaintiff asserts claims for strict liability, failure to warn, breach of express and implied warranty, negligence, fraudulent misrepresentation, fraudulent concealment, violation of consumer protection statutes, and negligent misrepresentation. Pet. ¶¶ 36-115. Plaintiff alleges that she "suffered greatly and endured pain and suffering from her injuries, including substantial medial and other expenses as a result." Pet. ¶ 42. Plaintiff demands judgment in excess of $25,000 and seeks punitive and exemplary damages.

4

18.     Given the nature and extent of Plaintiff's alleged injuries and damages, Plaintiff's Petition places at issue more than $75,000, exclusive of interest and costs. *See Looney v. Zimmer, Inc.*, No. 03-0647-CV-W-FJG, 2004 U.S. Dist. LEXIS 17596 *15 (W.D. Mo. Aug. 19, 2004) (denying motion to remand in a product liability case where defendant had a good faith belief that the amount in controversy exceeded $75,000 when plaintiff alleged that he "endured unnecessary pain, suffering and physical therapy"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling injuries and medical expenses); s*ee also Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (noting that punitive damages are properly considered in calculating the amount in controversy requirement).

## IV.    CONCLUSION

19.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Amylin will give Plaintiff written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Missouri Circuit Court for Jackson County, attaching as Exhibit A thereto a copy of this Notice of Removal.

WHEREFORE, Defendant Amylin gives notice that the matter styled as *Meteer v. Eli Lilly & Co.*, Case No. 1016-CV25166, is removed to the United States District Court for the Western District of Missouri.


Dated: September 21, 2010

5

Case 4:10-cv-00922-GAF   Document 1   Filed 09/21/10   Page 5 of 7

Respectfully submitted,

**SHOOK HARDY & BACON, L.L.P.**

By: s/Sarah E. Drewes
Madeleine M. McDonough, Mo. Bar No. 41027
Sarah E. Drewes, Mo. Bar No. 55028
2555 Grand Boulevard
Kansas City, MO 64108
Tel: 816-474-6550
Fax: 816-421-5547
mmcdonough@shb.com
sdrewes@shb.com

*Attorneys for Defendant Amylin Pharmaceuticals, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2010, a true and correct copy of the foregoing document was served via the Court's electronic notification system and/or via U.S. mail, postage prepaid upon:


Mark E. Meyer
Andrew C. Schendel
Castle Law Office of Kansas City, P.C.
818 Grand Blvd., Suite 700
Kansas City, Missouri 64106
Phone: (816) 283-0303
Fax: (816) 842-0016
mmeyer@castlelaw-kc.com
aschendel@castlelaw-kc.com

*Attorneys for Plaintiffs*

                                                s/Sarah E. Drewes
                                                *Attorney for Defendant Amylin*
                                                *Pharmaceuticals, Inc.*